IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-HC-2273

| | |
|---|---|
| WILLIAM STEVENSON PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>TODD ISHEE, Secretary, North Carolina Department of Adult Correction,<br><br>Respondent. | PROPOSED ORDER TO SEAL<br>28 U.S.C. § 2254<br><br><br>Fed. R. Civ. P. 5.2<br>Local Civil Rule 79.2 |

**THIS MATTER** is before the Court on Respondent's Motion to Seal Documents [DE 25].

Respondent moves for leave to file under seal Exhibits 3, 4, 5, 7, and 8 to the Memorandum in Support of the Motion to Dismiss Petitioner's § 2254 Petition. Because Petitioner represents himself in this Court and is incarcerated, Respondent has not conferred with Petitioner about his position on Respondent's motion to seal.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th

1

Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.' " *Id.* at 265-66 (quoting in part *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.' " *Id.* at 266 (quoting in part *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)).

Safeguarding the physical and psychological well-being of a minor is a "compelling interest" and may justify closing a criminal trial. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607–08 (1982). Applying *Globe* to a motion to seal, the Fourth Circuit held that the defendant's wife and child had a privacy interest sufficient to warrant redaction of their names and photographs from an otherwise publicly available document. *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted,

2

provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to Respondent's motion. Respondent filed the present motion on October 16, 2024, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, Respondent has demonstrated that the documents at issue reference details regarding the identities of the minor victims of Petitioner's sex crimes, and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the victims' privacy interests.

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Seal Documents [DE 25] is **GRANTED**, and Respondent's Exhibits 3, 4, 5, 7, and 8 to the Memorandum in Support of the Motion to Dismiss Petitioner's § 2254 petition [DE 20 through 24] shall be placed under seal until further Order of the Court.

**SO ORDERED**, this the \_\_\_\_\_ day of _____, 2024.

_____