IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-HC-2273-FL

| | |
|---|---|
| WILLIAM STEVENSON PHILLIPS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TODD ISHEE, Secretary, North Carolina )<br>Department of Adult Correction, )<br>)<br>Respondent.[1] ) | ORDER |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion to dismiss (DE 18). Petitioner responded in opposition. Also before the court are respondent's motion to seal (DE 25) and petitioner's motion for entry of default (DE 28). In this posture, the issues raised are ripe for decision.

## STATEMENT OF THE CASE

On August 29 and September 1, 2011, petitioner was convicted and the trial court "imposed consecutive presumptive-range sentences totaling 512 to 634 months in prison" for one count of rape, two counts of sex offense, and one count of indecent liberties. State v. Phillips, No. COA12-415, 223 N.C. App. 364, 2012 WL 5395160, at * 1, 3 (Nov. 6, 2012). Petitioner

---

[1] Petitioner named "Pazavar Priest," an acting warden, as the respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Here, Todd Ishee, the Secretary of the North Carolina Department of Adult Correction, is the proper respondent. (See DE 19 at 1). The court constructively amends the case caption to reflect the correct respondent and will direct the clerk to amend the docket caption.

appealed. Id. On November 6, 2012, the North Carolina Court of Appeals filed its opinion affirming petitioner's convictions and holding no error or prejudicial error occurred at trial. Id. at *12. On December 11, 2012, petitioner filed a petition for discretionary review in the North Carolina Supreme Court. State v. Phillips, No. 514P12, 366 N.C. 435, 453 (2013). The court denied the petition on January 24, 2013. Id.

Over three years later, on December 29, 2016, petitioner filed a motion for post-conviction DNA testing in the Brunswick County Superior Court in North Carolina. (Resp't Ex. 10 (DE 19-6)). The court denied petitioner's motion on July 27, 2017, explaining neither victim had sexual assault examination collection kits due to the victims' delayed disclosures. (Resp't Ex. 11 (DE 19-7) at 1).[2]

On February 9, 2022, petitioner filed a motion for appropriate relief ("MAR") in the Brunswick County Superior Court. (Resp't Ex 12 (DE 19-8)). Petitioner argued the following: 1) his due process rights were violated during jury selection; 2) he was actually innocent of the charges; 3) trial counsel was ineffective for failing to request mental health and medical records for the state's witnesses and failing to object to certain inadmissible testimony by the state's expert witness; 4) insufficient evidence supported his conviction; and 5) he had newly discovered evidence that another individual would go to the home where the victims resided, and one of the victims initial reported that this individual sexually assaulted her. (Id. at 17–29).

On April 4, 2022, the trial court denied petitioner's claims of "Actual Innocence and Insufficient Evidence," but appointed counsel regarding petitioner's remaining three claims.

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

(Resp't Ex. 13 (DE 19-9) at 3). Appellate counsel entered his notice of appearance on August 22, 2022, and on October 18, 2022, the Brunswick County Clerk of Court filed a letter from plaintiff inquiring about the status of his MAR. (Resp't Ex. 15 (DE 19-11) at 2; Resp't Ex. 16 (DE 19-12) at 2).[3]

Petitioner placed the instant § 2254 petition in the prison mail system on December 8, 2023, asserting the following claims: 1) the indictments against petitioner are null and void and the state violated his constitutional rights to due process, to equal protection, against unreasonable searches and seizures, to confrontation, and to present a defendant because petitioner was indicted by a grand jury without a probable cause hearing; 2) he was subjected to malicious prosecution where he was indicted without being present at a probable cause hearing; 3) trial counsel was ineffective for failing to object to the indictments; and 4) the indictments were insufficient where petitioner and his trial attorney did not sign the indictments, and the grand jury could not have probable cause to indict petitioner because he was not present at the hearing. (Pet. (DE 1) at 5–13).

Respondent now moves to dismiss the petition, arguing that petitioner's claims are barred by the applicable statute of limitations, he has not exhausted his habeas grounds in state court, and ground four is not cognizable on federal habeas review. (Resp't Mem. (DE 19) at 8–17). As noted, petitioner responded in opposition arguing the statute of limitations should be tolled. (Pet'r Mem. (DE 29) at 1–9).

---

[3] Nothing in the record indicates petitioner's state MAR proceedings have concluded.

3

# DISCUSSION

A.    Motion to Seal

Respondent moves to seal state court records that are sealed at the state level to protect the identity of the minor victims in the underlying criminal case. The public has received adequate notice of the motion to seal. See In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir.1984). Regarding the documents the parties seek to seal in their entirety, no less drastic alternative to sealing is available because the private information appears throughout the filings sought to be sealed. See Doe v. Pub. Citizen, 749 F.3d 246, 265–66 (4th Cir. 2014). The victim's interest in preserving the confidentiality of the underlying court records outweighs any public interest in disclosure. Accordingly, the court will seal these records.

B.    Motion for Entry of Default

Petitioner's motion for entry of default is denied where respondent timely filed a motion to dismiss. See Fed. R. Civ. P. 55(a); (DE 18, 19).

C.    Motion to Dismiss

   1.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[4] "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions,

---

[4] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Similarly, a motion to dismiss a § 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). In ruling on a motion to dismiss, the court looks to the record of the state proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 180–81 (2011); Walker, 589 F.3d at 139. The court may consider statute of limitations defense at the motion to dismiss stage. See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Hill v. Braxton, 277 F.3d 701, 706–07 (4th Cir. 2002).

2.  Analysis

Respondent argues that petitioner's claims are untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for postconviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).

Here, the statute of limitations began to run on the date petitioner's judgment became final by the conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As discussed above, the jury convicted petitioner on August 29 and September 1, 2011, and petitioner was sentenced on September 1, 2011. Phillips, 2012 WL 5395160, at * 1, 3. Petitioner appealed, and the North Carolina Court of Appeals filed its opinion affirming the convictions and holding no error or prejudicial error on November 6, 2012. Id. at *12 On December 11, 2012, petitioner filed a petition for discretionary review in the North Carolina Supreme Court. Phillips, 366 N.C. at 453. The court denied the petition on January 24, 2013. Id. The deadline for petitioner to file a petition for writ of certiorari in the Supreme Court of the United States therefore was 90 days from January 24, which was April 24, 2013. See Sup. Ct. R. 13.1. And where petitioner did not file a petition for writ of certiorari, the one-year statute of limitations began to run on April 24, 2013, the conclusion of the time for seeking review in the Supreme Court. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

6

As noted above, the limitations period is tolled when a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). Petitioner, however, did not file a state post-conviction motion for appropriate relief or habeas petition challenging the judgment between April 24, 2013, and April 24, 2014. (See Resp't Ex 12 (DE 19-8) at (showing petitioner's MAR was filed on or about February 9, 2022)). Accordingly, the one-year limitations period expired in this case on April 24, 2014. See 28 U.S.C. § 2242(d)(1); Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (providing time period when state postconviction proceedings are not pending count against the limitation period). And the instant § 2254 petition is time barred where the December 8, 2023, filing date is well beyond the expiration of the limitations period. (Pet. (DE 1) at 18 (petitioner noting he placed the petition in the prison mailing system on December 8, 2023)); see Houston v. Lack, 487 U.S. 266 (1988) (filings by pro se inmates are based on the mailing date).

None of the remaining potential start dates render the petition timely. See 28 U.S.C. § 2244(d)(1)(B)–(D). Section 2244(d)(1)(B) and (C) do not apply where there is no claim of a government impediment to filing the petition or of a retroactively applicable right. And § 2244(d)(1)(D) is inapplicable because petitioner knew or could have discovered the factual predicate to his claims before the date of finality.

Petitioner argues the state "impeded [his] ability" to file his petition, and he was incapable of discovering the factual predicate to his claims before the date of finality. (Pet'r Resp. (DE 29) at 4). However, other than reiterating his argument that the state indicted him without probable cause, petitioner does not explain or provided factual support regarding how the state impeded the filing. Further, the underlying facts of petitioner's claims, which center on petitioner's

7

indictments and lack of probable cause hearing, were available or discoverable prior to his criminal trial.

Finally, equitable tolling of the statute of limitation is not warranted. Equitable tolling applies to the AEDPA's one-year statute of limitations only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); see also Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653. And the second element requires a showing of 1) extraordinary circumstances; 2) beyond the petitioner's control or external to his conduct; and 3) that prevented him from filing on time. Justus v. Clarke, 78 F.4th 97, 104–05 (4th Cir. 2023). Equitable tolling under section 2244 is thus limited to "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304; see also Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, petitioner provides no argument or factual support that he acted diligently or that an extraordinary circumstance prevented timely filing. He, therefore, has not established grounds for equitable tolling.

8

Case 5:23-hc-02273-FL   Document 30   Filed 07/16/25   Page 8 of 9

3. Certificate of Appealability

Having determined the instant petition must be dismissed, the court next considers whether petitioner is entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2). After reviewing the claims presented in light of the applicable standard, the court finds a certificate of appealability is not warranted. See Buck v. Davis, 580 U.S. 100, 122 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

**CONCLUSION**

Based on the foregoing, respondent's motions to dismiss (DE 18) and to seal (DE 25) are GRANTED. A certificate of appealability is DENIED. Petitioner's motion for entry of default (DE 28) is DENIED. The clerk is DIRECTED to close this case and to amend the docket caption as set forth in footnote one. The clerk is also DIRECTED to maintain docket entries 20 through 24 under seal until further order of the court.

SO ORDERED, this the 16th day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge